

**FILED**

**February 13, 2018**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 8:00 A.M.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Daryl Holmes | ) Docket No. 2017-08-0504 |
| | ) |
| v. | ) State File No. 31584-2017 |
| | ) |
| Ellis Watkins d/b/a Watkins Lawn Care | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Deana C. Seymour, Judge | ) |

---

### Affirmed and Remanded – Filed February 13, 2018

---

In this interlocutory appeal, the employee suffered a severe laceration to his right hand caused by a chainsaw while he was helping his employer remove fallen tree limbs. The employer did not have workers' compensation insurance and maintained he was exempted from having such insurance because he employed less than five persons. The trial court concluded that, as a "construction service provider" as that term is defined in Tennessee Code Annotated section 50-6-902 (2017), the employer was required to have workers' compensation insurance if he had one or more employees. It further concluded the employee was entitled to a panel of physicians, but it denied the employee's request for past medical expenses and temporary disability benefits. The employer has appealed. We affirm the decision of the trial court and remand the case.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Ellis Watkins d/b/a Watkins Lawn Care, Memphis, Tennessee, employer-appellant, pro se

James Blount, IV, Collierville, Tennessee, for the employee-appellee, Daryl Holmes

**Memorandum Opinion[1]**

Daryl Holmes ("Employee") worked for Ellis Watkins d/b/a Watkins Lawn Care ("Employer").[2] On March 17, 2017, Employee and Employer were working at a location in Shelby County, Tennessee, removing fallen tree limbs. As Employer used a chainsaw to cut the limbs, Employee was pulling the limbs. In the course of this work, the chainsaw struck and severely lacerated Employee's right hand. Employee sought emergency care and underwent surgery to repair a lacerated tendon. He was hospitalized for three days.

Employer did not provide Employee a panel of physicians, did not pay medical bills, and did not initiate benefits of any kind pursuant to the Tennessee Workers' Compensation Act. Subsequently, a Bureau of Workers' Compensation compliance specialist investigated Employer's lack of workers' compensation insurance as of the date of the injury and produced a report summarizing his findings. According to the trial court's expedited hearing order, the parties stipulated to the admissibility of this report during the expedited hearing, and it was admitted into evidence.

Following the expedited hearing, during which the trial court heard and considered testimony from the parties, the court entered an order finding that Employer qualified as a "construction service provider" subject to workers' compensation laws, and that it must provide Employee a panel of physicians. However, the trial court determined Employee had not come forward with sufficient evidence at the expedited hearing to support the reimbursement of past medical expenses or the payment of temporary disability benefits.

Employer filed a notice of appeal, but did not file a transcript of the expedited hearing, a statement of the evidence, or a brief. Instead, Employer filed a one-paragraph, hand-written statement in which he "disagree[d] with any and all claims regarding [Employee]." He further asserted that Employee's claims were "fraudulent and frivolous" and that his position was "based solely on the sworn affidavits and documents submitted to the courts." He offered no argument as to how the trial court erred in its consideration of the evidence or its determinations.

As we have noted on numerous occasions in the past, our ability to conduct meaningful appellate review is significantly hampered when an appellant fails to provide a transcript of the hearing or statement of the evidence, and fails to offer any substantive

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

[2] The parties provided no transcript of the expedited hearing or statement of the evidence. As such, we have gleaned the facts from the pleadings, exhibits, and the trial court's expedited hearing order.

argument on appeal. *See, e.g., Hardin v. Dewayne's Quality Metals*, No. 2015-07-0067, 2015 TN Wrk. Comp. App. Bd. LEXIS 45, at \*3-4 (Tenn. Workers' Comp. App. Bd. Nov. 18, 2015). Without a transcript or a statement of the evidence, we cannot know what evidence was presented to the trial court beyond the exhibits that were admitted into evidence and the testimony as summarized in the trial court's order. *See Britt v. Chambers*, No. W2006-00061-COA-R3-CV, 2007 Tenn. App. LEXIS 38, at \*8 (Tenn. Ct. App. Jan. 25, 2007). Review of a trial court's decision is accompanied by a presumption that the factual findings are correct. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2017). Accordingly, "it is essential that the appellate court be provided with a transcript of the trial proceedings or a statement of the evidence." *Britt*, 2007 Tenn. App. LEXIS 38, at \*7; *see also Estate of Cockrill*, No. M2010-00663-COA-R3-CV, 2010 Tenn. App. LEXIS 754, at \*11-12 (Tenn. Ct. App. Dec. 2, 2010) ("In cases where no transcript or statement of the evidence is filed, the appellate court is required to presume that the record, had it been properly preserved, would have supported the action of the trial court."). As noted by the Tennessee Court of Appeals, "[a]n incomplete appellate record is fatal to an appeal on the facts," *Piper v. Piper*, No. M2005-02541-COA-R3-CV, 2007 Tenn. App. LEXIS 70, at \*11 (Tenn. Ct. App. Feb. 1, 2007), and a reviewing court "must conclusively presume that the evidence presented supported the facts as found by the trial court," *Whitesell v. Moore*, No. M2011-02745-COA-R3-CV, 2012 Tenn. App. LEXIS 894, at \*10 (Tenn. Ct. App. Dec. 21, 2012).

Here, the absence of a transcript or statement of the evidence and the absence of any meaningful argument on appeal renders us unable to conclude that the evidence preponderates against the decision of the trial court. Accordingly, the trial court's conclusion that Employer is subject to Tennessee's Workers' Compensation Law and is responsible for workers' compensation benefits is affirmed.

Furthermore, we find this appeal to be frivolous. As we have noted in prior cases, a frivolous appeal is one that is devoid of merit or brought solely for delay. *Yarbrough v. Protective Servs. Co., Inc.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at \*11 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016). "[P]arties should not be required to endure the hassle and expense of baseless litigation. Nor should appellate courts be required to waste time and resources on appeals that have no realistic chance of success." *Id.* at \*10-11. We are mindful that Employer has represented himself in this case. However, that does not excuse him from complying with the same procedural and substantive requirements as represented parties. *See, e.g., Walton v. Averitt Express, Inc.*, No. 2015-08-0306, 2017 TN Wrk. Comp. App. Bd. LEXIS 37, at \*5 (Tenn. Workers' Comp. App. Bd. June 2, 2017) ("courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe"). Although we conclude that this appeal had no realistic chance of success and is frivolous, we exercise our discretion on this occasion not to assess attorneys' fees or costs against Employer. *See* Tenn. Comp. R. & Regs. 0800-02-22-.04(6) (2015). Accordingly, the trial court's decision is affirmed, and the case is remanded.

**FILED**

**February 13, 2018**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

**Time: 8:00 A.M.**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Daryl Holmes | ) | Docket No. 2017-08-0504 |
| | ) | |
| v. | ) | State File No. 31584-2017 |
| | ) | |
| Ellis Watkins d/b/a Watkins Lawn Care | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 13th day of February, 2018.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| James Blount, IV | | | | | X | jimmy@blountfirm.com |
| Ellis Watkins | X | | | | | 617 N. Merton Street Memphis, TN 38112 |
| Deana C. Seymour, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov